LorinGt, J.,
delivered the opinion of the court:
The facts in this, case are, that in June, 1866, Thomas L. McElrath was a first lieutenant of marines, and attached to the United States steamer Monongahela, then in the port of Boston. On the 19th of June, 1866, he was dismissed from the service on the allegation of being absent from his vessel without leave; and on the 27th of Jane, 1866, Thomas B. Haycock was appointed first lieutenant of marines, thus filling the complement of officers of that grade limited by law. In 1873, in an application to the Department, Mr. McElrath alleged that the order for his dismissal had resulted from a mistake of facts, and prayed that it might be revoked, and on the 10th of July he sent in his resignation. And on the same day an order was issued for the revocation of his dismissal, as made under a mistake of facts, and for his restoration to the position which he held at the date of the order of dismissal. And his resignation was accepted to take effect on the 10th day of July, 1873.
On the 31st January, 1874, on a settlement of his accounts at the Treasury, Mr. McElrath was allowed and paid $6,106.53 as half-pay and allowances from June 21, 1866, to July 10, 1873, and he received this sum under protest, and in April, 1875, filed his petition in this court claiming to have been entitled to full /pay and allowances and a balance of $7,000. The United States I pleaded the general issue, and filed a counter-claim for the 1 $6,106.53 paid to the petitioner.
Upon the hearing, the court adjudged that the order for the petitioner’s restoration to the service was inefficient in law; that the money paid him had been paid under a mistake in law, and that the United States were entitled to recover it; and judgment was rendered for them for the amount.
On March 10,1877, the petitioner filed the following motion :
' “And now comes the claimant, this 10th March, 1877, and moves the court that the judgment rendered February 26,1877, against him in the sum of $6,106.53 be vacated, for the following reason; and he says that so much of section 1081 of the Bevised *317 Statutes of the United States as purported to give this court jurisdiction to render judgment against this claimant is in contact with the seventh amendment to the Constitution of the United States, and null and void; and that the court has no jurisdiction to render said judgment.”
, The seventh amendment to the Constitution, on which this motion is rested, provides as follows: “ In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved.”
The provision is in terms confined to “suits at common law,” and neither the original petition in the case nor any of the proceedings in it are, or belong to, “ suits at common law.”
Set offs, &c., filed by a defendant, were unknown to the common law, for at that a defendant who had any claim against the plaintiff could proceed on it only by a cross-action against him. Set-offs, &c., belonged originally to the civil law, and after the conquest the learned Norman ecclesiastics brought them into English equity law, which they founded; for as, “ keepers of the king’s conscience” and his chancellors, they presided in his court of chancery, and, as its officers, shaped its practice and formed its bar.
Afterward, and as late as the reign of George II, set-offs were by statute brought into the courts of the common law. But this did not make set-offs suits at the common law by the defendant; for they were created by statute only, and by that were made incidents to the plaintiff’s suit at common law; and as such they retained the effect they had at the civil law and in equity, and which was inherent in their nature, viz, that of making the plaintiff’s suit at common law an accounting between him and the defendant, in which the balance might be found and adjudged for either party.
And the statutes relating to this court authorize the defend-] ants here to file “set-offs, counter-claims, claims for damages, whether liquidated or unliquidated, or other demands whatso- \ ■ ever.” These provisions are certainly unknown to the common law, and are incidents annexed by the statute organizing this court to a petition here, which in itself is not a “suit at common lato?
By the theory of the common law the sovereign was not subject to suits or actions in his own courts, and the only mode of procedure as to the sovereign was by a petition; and this in *318 the English law was called a petition of right, because, as was declared by Parliament in the reign of Charles II, it was the common-law right of the subject to petition the sovereign. But such petition was, and always has been, addressed to his- “grace,” and, therefore, he always was, and is now, free to grant it, or to refuse it, or to refuse to consider it, on such* reasons as he may see fit, whether they be of the merits or considerations of state and public policy. The application by petition to the king was certainly to his sense of justice and official duty, and therefore the granting of it was said to be ex debito justitice. And in merely private matters, disconnected from public interests, it has happened that the sovereign has seldom, if ever, refused to consider the petition, and issue his flat that “justice be done;” and this has come to be generally a matter of official routine, by the proper officer, without any personal reference of it to the king. But still the. power to refuse has always remained in the king, actually as well as theoretically, and this still distinguishes the proceeding by petition to the sovereign from a suit at the common law, where the entry of his suit in court and its hearing and prosecution there to judgment is the legal and absolute right of the suitor.
In England the king may select for the procedure any of his courts which he pleases, and if he issues his flat and sends the case to be heard in a court of common law, that does not make the case.a suit at the common law, nor alter the nature of the proceeding, which still remains what it was originally, a petition of right addressed to the king’s “grace,” because as sovereign he was not subject to a suit at common law; and the court to which the “jfiai” is directed hold the case not by their common-law jurisdiction, which does not extend to it, but by the jurisdiction created for it specially by the “flat” of the king, and which is imperative on the court, whatever its general jurisdiction may be. And throughout the proceedings the relation of the parties is not that of litigants at common law, but that of sovereign and subject.
And the petition in this court is addressed to the sovereign, for the only defendant here is in all cases the United States in their sovereign capacity. And in that, from its nature, they are not and caunot be, any more than the king of England or any other sovereign, subject to a suit at law or to any application except to their “graceand that distinguished the *319 process here against the sovereign from a suit at common law exactly as it does in England. And the statutes organizing this court and granting the petition here are but the flat of the sovereign, “let justice be done" here. And this court has its jurisdiction only by that “flat” and over the subjects it speci-fles, viz, private claims against the sovereign, who was not subject to suits at common law in his own courts. For when our Constitution was framed the sovereign here whs no more subject to suits at common law than the king was in England; and the Constitution subjected the sovereign here to none, and therefore it gave to the citizen no constitutional right to such, a suit. It empowered Congress as the officer of the sovereign to establish courts with such provisions as its wisdom should dictate, and thereby to provide for the hearing and determining of private claims against the sovereign; and'this Congress has done by the statutes organizing this court, and, as has often been held here and affirmed by the Supreme Court, he who would avail himself of the grant must use it as it has been given.
The. judgment of,the court is that the motion is denied.