Richardson, J.,
delivered' the opinion of the court:
The claimaint had a written contract with the Board of Public Works of the District of Columbia for grading and graveling Fourteenth street, in the city of Washington, which he *232 performed on his part according to its terms. As the work progressed, and at its completion, measurements were made, accounts were stated by the auditor of the board, and certificates in different amounts were given to him by the auditor, in accordance with the usual course of business in such cases, certifying that he had audited and allowed the account of the claimaint for work on Fourteenth street amounting to the sum therein stated.
Tie claimaint collected $744 in cash. He exchanged auditor’s certificates amounting to $9,100 for interest-bearing securities payable on time, and then sold the same at sixty-five cents on a dollar. He sold one certificate of $1,000 for sixty-five cents on the dollar, and the same was redeemed by the District at par in payment of special taxes. He also sold $16,520.75 of certificates at seventy cents on a dollar. All the sales were at the market value of the securities thus disposed of.
He now claims the difference between the face value of the securities and the amount which he received for them by sale, which is found to be $8,491.23.
We have had several other claims of this class already considered and a very large number of the same kind are still pending. We have uniformly held that the claimants in such cases had no cause of action and could not recover. In Morgan’s Case, recently decided, we expressed our views on that subject (ante, p. 156).
In this cáse the claimant makes another point: That he was directed by the treasurer of the Board of Public Works to sell his interest-bearing securities. Such was not the fact, as we understand the language of the treasurer, as shown by the findings, and if it were so it would be wholly immaterial.. The treasurer had no authority to speak for the board of public works nor for the District of Columbia, and what he said on the subject was not binding on either. But he gave no directions in the matter. The claimant sought information, merely asking him where he could sell his securities at par. The treasurer replied, “ I do not know where you can get par for them) do as others are doing, and sell them the best way that you can.” That the claimant followed the suggestion thus made to him and sold his claims against the District at a large discount was his own fault. The District finally paid its debts *233 in full or funded them into bonds now selling above par. The assignees of the claimant received the benefit of their better judgment in buying the securities at a discount and holding them until they rose in market far above their face value. The profit and loss must stand where the parties, by their own actions, caused the same to fall.
There is another branch to the present case. The defendant has filed a counter-claim to recover the sum of $500 paid to the claimant in mistake of fact. This they are authorized to do by section 3 of the District Claims Act of June 16,1880, chapter 213 (1 Supplement to Rev. Stat., 562). That section makes it the duty of the Attorney-Ceneral to defend the District of Columbia against all claims prosecuted under the act in like manner as he is required to defend the United States in this court, “with the same power to interpose counter-claims and offsets.”
The provisions in relation to counter-claims and offsets are contained in the Eevised Statutes, section 1059, clause second and section 1061.
The power of the Court of Claims to give judgment against a claimant upon a counter-claim under those provisions was authoritatively settled by the Supreme Court in the case of McElrath v. The United States (102 U. S. R., 126), affirming the judgment of this court therein (12 C. Cls. R., 312).
The application of the statutes on the subject of counterclaims to cases against the District of Columbia we considered and explained in Neitzey’s Case (17 C. Cls. R., 111).
The finding of facts show (Finding II) that the claimant was overpaid $500 on a final settlement through a clerical error in addition, unknown to either party at the time. This was clearly a payment in mistake of fact. The claimant has, therefore, that amount of the defendant’s money, which he cannot in equity and good conscience retain, and which may be recovered back on the plea of set-off in this case.
It follows from the whole case that the claimant cannot recover upon the demands set up by him, and that the defendant is entitled to judgment against him for $500 upon its counterclaim, and it will be so entered of record.