## TIERNAN *v.* RINKER.

1. An act of the legislature of Texas, entitled " An Act regulating taxation," approved June 3, 1873, provides in its third section that "there shall be levied on and collected from every firm or association of persons . . . pursuing the occupation of selling spirituous, vinous, malt, and other intoxicating liquors in quantities less than one quart, $200; in quantities of a quart and less than ten gallons, $100; provided that this section shall not be so construed as to include any wines or beer manufactured in this State." A., who was pursuing, in that State, "the occupation of selling spirituous, vinous, malt, and other intoxicating liquors in quantities less than one quart," filed his petition, setting forth that the wines and beer which he was selling were the manufacture, not of that State, but of other States and of foreign nations, and praying that the county treasurer be enjoined from collecting the tax imposed by said act of 1873, on the ground of its repugnance to the Constitution of the United States. *Held*, that, as he was also engaged in selling other liquors, the injunction was properly refused.

2. That act is inoperative only so far as it discriminates against imported wines or beer. A person cannot, for selling either of them, be subjected to a higher tax than that imposed for selling wines or beer manufactured in the State.

ERROR to the Supreme Court of the State of Texas.

A statute of Texas, entitled " An Act regulating taxation," approved June 3, 1873, enacts as follows : —

" SECT. 3. That there shall be levied on and collected from every person, firm, or association of persons, pursuing any of the following named occupations an annual tax (except when herein otherwise provided), on every such occupation or separate establishment, as follows : For selling spirituous, vinous, malt, and other intoxicating liquors, in quantities less than one quart, $200 ; in quantities of a quart and less than ten gallons, $100 : *Provided*, that this section shall not be so construed as to include any wines or beer manufactured in this State, or when sold by druggists for medicinal purposes : *And provided further*, that this section shall not be so construed as to authorize druggists to sell spirituous or intoxicating liquors, except alcohol. For selling in quantities of ten gallons and over, $100.

" SECT. 4. That the county courts of the several counties of this State shall have the power of levying taxes equal to the one-half of the amount of the State tax herein levied, except as hereinbefore provided : *And provided further*, that any one wishing to pursue any of the vocations named in this act for a less period than

one year may do so by paying a *pro rata* amount of such occupation for the period he may desire : *Provided further,* that no occupation license shall issue for a less period than three months: *And provided further,* that the receipt of the proper officer shall be *prima facie* evidence of the payment of such tax."

In pursuance of the authority conferred by this statute, the county court of Galveston County, in March, 1876, levied a tax upon certain parties engaged in the occupations mentioned in the third section, equal to one-half the tax levied by the State.

Barney Tiernan and a number of others, who were the petitioners in the court below, are engaged in the county of Galveston in the occupation of " selling spirituous, vinous, malt, and other intoxicating liquors," some of them in quantities less than one quart, and others in quantities of one quart and less than ten gallons ; and the wines and beers which they sell are not of the manufacture of the State. By the present suit against Rinker, the treasurer of that county, they seek to enjoin the enforcement of the tax against them, on the alleged ground that the statute is invalid in that it discriminates in favor of wines and beer manufactured in the State against those which are manufactured elsewhere. The District Court of the State sustained a demurrer to their petition and dismissed the case. The Supreme Court of the State affirmed the decision. The petitioners thereupon sued out this writ of error.

*Mr. A. H. Willie* for the plaintiffs in error.

The statute subjects to a tax persons engaged in the pursuit of a given occupation, which is defined to be the selling of spirituous, vinous, malt, and other intoxicating liquors.

The first proviso embraces the plaintiffs in error, as their occupation is that of selling vinous and malt liquors which are not manufactured in Texas, and of spirituous and other intoxicating liquors. It discriminates in favor of wines or beer manufactured in Texas, and against those liquors if they are the product of other States or of foreign nations. The statute is, therefore, a regulation of commerce and is repugnant to the Constitution. *Welton* v. *State of Missouri,* 91 U. S. 275.

The proviso is an essential·part of the statute. Its office is to restrain the enacting clause and to except something which would otherwise ·have been within it, or, in some measure, to modify it. *Wayman* v. *Southard*, 10 Wheat. 1. The court can no more·limit the legal effect of terms, because they are in a proviso, than it can qualify the· terms of a private agreement, because they are in one part of the instrument instead of another. ·*Dugan* v. *Bridge Company*, 27 Pa. St. 310.

To strike out the proviso as unconstitutional, and yet sustain the statute as imposing the tax upon the sale of spirituous, vinous, malt, and other intoxicating liquors indifferently, would defeat its obvious intention, which is to encourage the manu facture of Texas wines and beer. Where a statute is clearly made up of parts, sections, or provisions, one part will not be held good and another bad, unless the respective parts are independent of each other. *State* v. *Commissioners of Perry County*, 5 Ohio St. 507; Potter's Dwarris, 249. The constitutional parts can stand only when, after rejecting the others, the object and effect of the law are not destroyed. *State* v. *Estabrook*, 3 Nev. 180. The whole must fall, if, after rejecting the unconstitutional parts, the remainder is incapable of being executed. in accordance with the legislative intent. Cooley, Const. Lim. 178; *Washington* v. *The State*, 13 Ark. 763. Where the different provisions form inseparable ·parts of the same system, the whole is invalidated by the unconstitutionality of a part. *People* v. *Detroit*, 29 Mich. 108; Sedgwick, Stat. Law, 414, and cases cited.

No counsel appeared for the defendant in error.

Mr. Justice Field, after stating the case, delivered the opinion of the court.

The petitioners rely upon the ruling of this court in the case of *Welton* v. *State of Missouri* to sustain their position. There the State had exacted the payment of a license tax from travelling pedlers who dealt in the sale of goods, wares, and merchandise which were not the growth, product, or manufacture of the State, and required no such license tax from similar traders selling goods which were the growth, product, or manufacture of the State. And this court held, following in that respect the

ruling in *Brown* v. *Maryland*, that the tax exacted from dealers in goods before they could be sold was in effect a tax upon the goods themselves, and that the legislation which thus discriminated against the products of other States in the conditions upon which they could be sold by a certain class of dealers was in conflict with the commercial clause of the Constitution.

In deciding the case, the court observed that the power conferred by this clause to regulate commerce with foreign nations and among the several States is without limitation; and that to regulate commerce is to prescribe the conditions upon which it shall be conducted; to determine how far it shall be free from restrictions; how far it shall be subjected to duties and imposts; and how far it shall be prohibited; that when the subject to which the power applies is national in its character, or of such a nature as to admit of uniformity of regulation, the power is exclusive of State authority; that the portion of commerce with foreign countries or between the States, which consists in the transportation and exchange of commodities, is of national importance and admits and requires uniformity of regulation; that the object of vesting this power in the general government was to insure this uniformity against discriminating State legislation; and that to that end this power must cover the property which is the subject of trade from hostile or interfering legislation until it has become a part of the general property of the country and subject to similar protection and to no greater burdens. If, before that time, the property can become subject to any restrictions by State legislation, the object of vesting the control in Congress may be defeated. If the State can exact a license tax from one class of traders for the sale of goods which are the growth, product, or manufacture of other States, it can exact the license from all traders in such goods, and the amount of the tax will rest in its discretion. " Imposts," the court said, " operating as an absolute exclusion of the goods, would be possible, and all the evils of discriminating State legislation favorable to the interests of one State and injurious to the interests of other States and countries, which existed previous to the adoption of the Constitution, might follow, and the experience of the last fifteen years shows would follow, from the action of some of the States."

The court, therefore, held that the commercial power of the Federal government over a commodity continued until the commodity had ceased to be the subject of discriminating legislation in any State by reason of its foreign character, and that this power protects it after it has entered the State from any burdens imposed by reason of its foreign origin. The court also held that the inaction of Congress to prescribe any specific rules to govern inter-state commerce, when considered with reference to its legislation with respect to foreign commerce, is equivalent to a declaration that inter-state commerce shall be free and untrammelled, and that this policy would be defeated by discriminating legislation like that of Missouri.

The doctrine of this case has never been questioned; it has been uniformly recognized and approved, and expresses now the settled judgment of the court.

According to it, the statute of Texas is inoperative, so far as it makes a discrimination against wines and beer imported from other States, when sold separately from other liquors. A tax cannot be exacted for the sale of beer and wines when a foreign manufacture, if not exacted from their sale when of home manufacture. If a party be engaged exclusively in the sale of these liquors, or in any business for which a tax is levied because it embraces a sale of them, he may justly object to the discriminating character of the act, and on that account challenge its validity, under the decision in question ; but if engaged in the sale of other liquors than beer or wines, he cannot complain of the State tax on that ground. The statute makes no discrimination in favor of other liquors of home manufacture. Whilst it groups the sale of several kinds of liquors as one occupation, it evidently intends that the occupation which consists in the sale of any one of the several liquors named, in the quantities mentioned, shall be subject to taxation, as though it read, " for selling spirituous, or vinous, or malt, or other intoxicating liquors." It does not require to justify the tax that a party shall be engaged in the sale of all the liquors mentioned, as well as other liquors. This being the true construction of the act, there can be no objection to its enforcement where the tax is levied for occupations for the sale of other liquors than wines and beers. In the present

case the petitioners describe themselves as engaged in the occupation of selling spirituous, vinous, malt, and other intoxicating liquors; that is, in all the liquors mentioned and others not mentioned. There is no reason why they should be exempted from the tax when selling brandies and whiskies and other alcoholic drinks, in the quantities mentioned, because they could not be thus taxed if their occupation was limited to the sale of wines and beer.

We see, therefore, no error in the ruling of the Supreme Court of Texas, and its judgment is accordingly

*Affirmed.*