State of Arkansas v. Kate Marsh.

---

### STATE OF ARKANSAS V. KATE MARSH.

1. LIQUOR LAW: *Act of March 8, 1879: Constitutionality of.*
   The first section of the Act of March 8, 1879, regulating the sale of liquor in this State, is not, in any provision, in conflict with the Constitution of the United States; but section 15 of the Act is, as it reads, in conflict with that provision of the Constitution which empowers Congress to regulate commerce with foreign nations and between the States; because it undertakes to discriminate in favor of wines made of the products of this State and against those of other States. The Legislature has no power to make such discrimination. But the constitutional part of the section, being separable from the unconstitutional, the latter willbe treated by the courts as stricken out, and the section read without the discriminating provision.

2. STATUTES: *Constitutional only in part, when good pro tanto.*
   When part of an Act, or, of a section of an Act, is unconstitutional, that part will be considered by the courts as stricken out, and the constitutional part maintained, if it can be separated from the unconstitutional part and stand without it.

3. LIQUOR: *Indictment for selling vinous liquor: Demurrer; Proof.*
   An indictment for selling vinous liquors in less quantities than five gallons, without license, is good, on *demurrer*; but *proof* that the wine sold was manufactured from grapes, berries, or other fruits, and that the defendant sold no other liquors, will acquit him.

APPEAL from *Pulaski* Circuit Court.

Hon. J. W. MARTIN, Circuit Judge.

State of Arkansas v. Kate Marsh.

*C. B. Moore, Attorney-General,* for the appellant :

If part of a statute is violative of, and other parts consistent with, the Constitution, the latter will be maintained, if they can be separated from, and stand without, the former. *The unconstitutional parts will be treated as if stricken out of the statute.* 2 *Peters,* 526 ; 4 *Blatchford,* 263 ; 36 *Cal..* 379 ; 33 *Ills.,* 390 ; 11 *Ind.,* 424 ; 2 *Iowa,* 165 ; 31 *How.(N. Y. Pr.),* 289 ; 3 *R. I.,* 33, 62 ; 29 *Ala.,* 573 ; 7 *Cal.,* 97 ; 19 *Ib.,* 513 ; 22 *Ib.,* 379 ; 7 *Miss.,* 625 ; 3 *Ohio St.,* 1 ; 5 *Ib.,* 497.

*W. F. Hill,* for appellee.

*Sec.* 15, *Act March* 8, 1879, is unconstitutional, being in conflict with *Sec.* 8, *Art.* 1, *Const. U. S.* 1 *Otto,* 275 ; 12 *Wheat,* 425, 444 ; 4 *Wash.,* 371 ; 9 *Wheat,* 1 ; 24 *How.,* 169 ; 6 *Wall.,* 35 ; 8 *Ib.,* 123 ; 15 *Ib.,* 232 ; 19 *Ib.,* 589 ; 5 *Otto,* 485 ; *Pensacola Tel. Co.* v. *W. U. Tel. Co.,* 6 *Ib.;* 21 *Wal.,* 558 ; 2 *Otto,* 259, 275 ; 3 *Ib.,* 99 ; 4 *Ib.,* 246, 113, 155, 164 ; 5 *Ib.,* 459, 465 ; 8 *Wall,* 148 ; *Southern Law Review, pp.* 257 *to* 403, *vol.* 4 ; and, *Turnan* v. *Rinker,* 12 *Otto,* 123.

ENGLISH, C. J. It appears from the transcript in this case that on the twenty-third of July, 1880, an information, in writing and under oath, etc., was filed before a Justice of the Peace of Pulaski county, against Kate Marsh, for selling, in the county of Pulaski, on the fifteenth day of June, 1880, *vinous liquors, in less quantities than five gallons, without license.* Whereupon a warrant of arrest was issued, etc. She was tried, found guilty by the Justice, fined $200, and appealed to the Circuit Court.

In the Circuit Court her counsel demurred to the cause of action (as it is styled in the demurrer) because it did not state facts sufficient to constitute a public offense. The

State of Arkansas v. Kate Marsh.

Court sustained the demurrer and discharged the accused, and the State appealed.

The charge was (with specification of time and place) for selling vinous liquors in less quantities than five gallons, without license.

1. LIQUOR LAW, of 1879, Constitutionality of.

The charge is plainly within the words of the first section of the Act of the eighth, of March, 1879 (*Acts* 1879, *p.* 33), which provides:

"That it shall not hereafter be lawful for any person to sell any ardent, vinous, malt or fermented liquors, in this State, or any compound or preparation thereof, commonly called tonics, bitters, or medicated liquors, in any quantity or for any purpose whatever, without first procuring a license from the County Court of the county in which such sale is to be made, authorizing such person to exercise such privilege; *provided*, manufacturers of ardent, vinous, malt or fermented liquors can sell, in original packages, without license; *provided*, *further*, that said original packages shall not contain less than five gallons."

It is manifest, from the language of the *provisos*, that all manufacturers of ardent, vinous, malt or fermented liquors can sell in original packages of not less than five gallons, without license, and that this exemption from license is not limited to citizens of this State, but is extended to all manufacturers of such liquors, regardless of citizenship or residence.

No provision of the section, therefore, is, in our opinion, in conflict with the clause of the Constitution of the United States, which declares that Congress shall have power "to regulate commerce with foreign nations," and among the several States, and with the Indian tribes; nor in conflict with the section which declares that, "The citizens of each State shall be entitled to all privileges and immunities

State of Arkansas v. Kate Marsh.

of citizens in the several States." See *Const. U. S.. Art.* 1, *Sec.* 8; *Art.* 4, *Sec.* 2.

It has, however, been more earnestly urged in argument that the fifteenth section of the act is in conflict with one or .both of the provisions of the Constitution of the United States, above quoted, and that the whole act is therefore null and void.

Section 15 is as follows :

" This act shall not be held to apply to one who manufactures and sells wines in this State, from native grapes or berries, or other fruits grown in this State, and who sells no other liquors, ardent, malt, vinous or fermented."

Under this section, taking it as it reads, a person in another State, California, for example, cannot manufacture wines there from native grapes, berries, or other fruits grown in that State, and sell them in this State, otherwise than in packages of not less than five gallons, without procuring license, at an expense of $200.00, with officers' fees added (Sec. 4), under penalty of not less than $200.00 nor more than $500.00, while any person may manufacture and sell wines in this State (in any quantity, however small) from native grapes, berries or other fruits, grown in the State, who sells no other liquors, ardent, malt, vinous or fermented, without procuring license.

This section is not in conflict with the section of the Constitution of the United States, which declares that " The citizens of each State shall be entitled to all privileges and immunities of citizens in the several States," because a citizen of any State may manufacture and sell in this State, regardless of quantity, wines from native grapes, berries or other fruits, grown in the State, without license, if he sells no other liquors, ardent, malt, vinous or fermented. Citizenship is not involved in the matter. But the section, as it

Not in conflict with Sec. 2, Art. 4, Constitution of U.S.

*Is in con-flict with Sec.1, Art.8* reads, is in conflict with the clause of the Constitution of the United States, which declares that Congress shall have power (and in effect, not the States), " to regulate commerce with foreign nations, and among the several States," etc., because it undertakes to discriminate in favor of wines manufactured in this State, from its products, and against wines manufactured out of the State, and from grapes, berries and other fruits grown out of the State. That a State Legislature cannot make such discriminations, is now too well settled by a series of decisions of the Supreme Court of the United States, to admit of question.

*Welton* v. *The State of Missouri*, 1 *Otto*, 275, is in point. A statute of Missouri required the payment of a license tax, by peddlers, who dealt in the sale of goods, wares and merchandize, which were not the growth, produce, or manufacture of the State, and required no such license tax from persons selling in a similar way goods, which were the growth, produce or manufacture of the State; and it was held that such discrimination was forbidden by the commerce clause of the Constitution of the United States.

So in *Tiernan* v. *Rinker*, 12 *Otto*, 123, where a Texas statute discriminated in favor of wines and beer manufactured in the State, a case similar to the one now before us.

See also *Gray* v. *Baltimore*, 10 *Ib.*, 434; *Machine Co.* v. *Gage*, *Ib.*, 676; *County of Mobile* v. *Kimball*, 12 *Ib.*, 691; *Hinson* v. *Lott*, 8 *Wall.* 148.

In *Gray* v. *Baltimore*, *sup.*, JUSTICE HARLAN, in an able opinion, reviewing previous decisions of the court on the subject, said: " In view of these and other decisions of this court, it must be regarded as settled, that no State can consistently with the Federal Constitution, impose upon the products of other States, brought therein, for sale or use, or upon citizens, because engaged in the sale therein, or the

transportation thereto, of the products of other States, more onerous public burdens or taxes than it imposes upon the like products of its own territory."

It does not follow, however, that because a particular section or part of a section of an act is not in harmony with a constitutional provision, Federal or State, the whole statute is therefore necessarily void.

2. STAT-
UTES:
Constitu-
tional on-
ly in part,
w h e n
good, pro
tanto.

If some of the provisions of a statute violate the constitution, while others are consistent with it, the latter will be maintained, if they can be separated from and stand without the unconstitutional and void parts of the law. The court will treat the unconstitutional parts as if they were stricken out of the statute. *Mobile & Ohio Railroad Co.* v. *State*, 29 *Ala.*, 584 ; *Sturgis* v. *Crowninshield*, 4 *Wheaton*, 122 ; *Bank of Hamilton* v. *Dudley's Lessee*, 2 *Peters*, 492 ; *Clark* v. *Ellis*, 2 *Blackford*, 8 ; *Tiernan* v. *Rinker*, 12 *Otto*, 123 ; *Mills* v. *Sargent*, 36 *Cal.* 379 ; *Nelson* v. *People*, 33 *Illinois*, 390 ; *Santo* v. *State*, 2 *Iowa*, 165.

Nor does it necessarily follow that because part of a section of an act is unconstitutional the whole section is therefore void.

Thus, in *C. & F. R. R. Co.* v. *Parks*, 32 *Ark.*, 144, where a section of a tax act undertook to make the recitals of a tax deed " *conclusive* " evidence of the regularity of the tax sale, the court held that it was not in the power of the Legislature to make the recitals of the deed "*conclusive*" evidence, and treated the section as if the word "*conclusive*" were stricken out.

It was manifestly the policy of the Legislature, by the fifteenth section of the license act, in question, to encourage the home manufacture of wines, from home grown fruits, and we cannot undertake to say that the act would have been passed without the section ; but by treating as stricken from the section, the discriminating words, which are in con-

flict with the commerce clause of the Constitution of the United States, and leaving the section to stand as thus reformed, the policy of the Legislature, in enacting the section may be to some extent preserved.

The section will be in harmony with the Federal Constitution, as construed by the Supreme Court of the United States, when made to read as follows:

"SEC. 15. *This act shall* not be held to apply to one who manufactures and sells wines from grapes, or berries, or other fruits, and who sells no other liquors, ardent, malt, vinous or fermented.

The substance of the charge against appellee was that she unlawfully sold vinous liquors in less quantities than five gallons, without license. The charge was good on demurrer, but if on trial, under the plea of not guilty, the State proves that she sold wines in less quantities than five gallons, she may bring herself within the exception made by the fifteenth section of the act as reformed, by proving that the wine sold by her, was manufactured by her from grapes or berries, or other fruits; and that she was engaged in selling no other liquors, ardent, malt, vinous or fermented.

For the error of the court in sustaining the demurrer to the charge, the judgment must be reversed, and the cause remanded to the court below for further proceedings.