## STATE V. DESCHAMP.

Decided November 1, 1890.

1.   *Constitutional law—Inter-state commerce—Discrimination against wines of other States—Wine act of 1889.*

The act of April 3, 1889, which prohibits the sale of wine in certain prohibition districts, but allows any person who grows or raises grapes or berries in such districts to sell wine of his own make *"upon the premises where such grapes or berries are grown and the wine is made,"* is, as to the clause quoted, a discrimination against wine grown in other States, and, to that extent, unconstitutional.

2.   *Act unconstitutional in part—When good* pro tanto.

Where the unconstitutional parts of an act may be stricken out without impairing the remainder, such effect will be given to the act by the court.

APPEAL from *Scott* Circuit Court.

JOHN S. LITTLE, Judge.

*W. E. Atkinson,* Attorney General, for the State.

Every presumption must be indulged in favor of the con-stitutionality of the act.    *Mugler v. Kansas,* 123 U. S., 661.

The most that has been claimed for the commercial power of the Federal government, under the inter-state commerce clause of the constitution, was the right of introduction into the State and affording the facilities belonging to similar articles in the State with the same restrictions and burdens imposed.    *Welton v. Missouri,* 1 Otto, 275; *Tiernan v. Rinker,* 12 Otto, 123; *Webber v. Virginia,* 13 Otto, 344.

The protection is from discrimination on account of their *foreign origin.*    Complaint cannot be made if they take their place with other similar articles produced in the State.    Their *foreign origin* must be the basis of discrimination.    Domestic articles are excluded from local option districts in the same class with the foreign.

In *Kohn v. Melcher,* 29 Fed. Rep., 433, Judge Shiras, in discussing an Iowa statute, which provided that no one could sell liquor in Iowa without a permit, and that no one could obtain a permit but a resident of the county in which it issued, said: ''It will be noticed that the limitation on the right to sell affects the citizens of the State as well as those of other States, in that the permit can only be procured by a resident of the county in which the permit is issued, and limits the right to sell in a particular house to be named in the permit.    There is no doubt that the result of the statute is to entirely deprive citizens of other States of the right to sell in Iowa intoxicating liquors,'' etc.    He discusses it and shows that the object was not to discriminate against citizens of other States nor against foreign products, but that the in-tent and purpose was to prevent violations of the prohibitory law, which were within the police power of the State, and did not violate any provision of the constitution.    He held the statute valid.

In enforcing prohibition, he maintains the right of the

State to restrict the sale of liquors to such persons and places as they may deem safe. He notices that, while citizens of other States are deprived of the right to sell, the same is true of a majority of the citizens of the State.

However, should the court think that the first clause of the second section of the wine act is unconstitutional, it should treat it as stricken from the act. We think the only effect of this clause is to give the producer the right to sell on the premises in local option districts. It could be separated from the other parts of the act without inconvenience or detriment. *Tiernan v. Rinker*, 12 Otto, *supra; Ex parte Kinnebrew*, 35 Fed. Rep., 52; *Weil v. Calhoun*, 25 Fed. Rep., 869; *McCreary v. State*, 73 Ala., 480; *Marsh v. State*, 37 Ark., 356. As to the probability of the passage of the act with the clause omitted, see reasoning in *Weil v. Calhoun*, 25 Fed. Rep., *supra*.

BATTLE, J. Appellee, Deschamp, was indicted for a violation of the act of the general assembly of the State of Arkansas, entitled, ''An act to regulate the sale of wine in the State of Arkansas,'' approved April 3, 1889, which provides:

''Section 1. That it shall be unlawful for any person to sell wine at any place in this State except as authorized in this act.

''Sec. 2. Any person who grows or raises grapes or berries may make wine thereof, and sell the same upon the premises where such grapes or berries are grown and the wine made, in quantities not less than one quart; such person may also sell the wine of his own make in any place where the sale of intoxicating liquors is licensed and authorized by law, in quantities not less than one quart. *Provided*, This shall not authorize the sale of wine in any district or locality where its sale is prohibited under special act of the general assembly.

*        *        *        *        *        *        *        *        *

"Sec. 4. Any person who shall violate any of the provisions of this act shall be deemed guilty of a misdemeanor, and upon conviction shall be fined in any sum not less than two hundred dollars nor more than five hundred dollars."

He was indicted for unlawfully selling one quart of wine. The act which rendered the sale unlawful is set out in the indictment as follows: "The said sale not being made upon the premises where the grapes and berries were grown and the wine made, and said sale not being made in any place where the sale of intoxicating liquors are licensed and authorized by law." A demurrer to the indictment was sustained, and the State appealed.

The only question presented for our consideration is, is the act of April 3, 1889, in violation of the Federal constitution? We think so. The effect of it is to allow any person to grow or raise grapes or berries within any district now or hereafter formed under section 4524 of Mansfield's Digest and make wine thereof, "and sell the same upon the premises where such grapes or berries are grown and the wine made, in quantities not less than one quart," and to prohibit the sale in such districts of wine made out of grapes or berries grown out of this State. This question has often been decided by the Supreme Court of the United States, and that court holds that such acts are unconstitutional. Whether this decision be satisfactory or not, it is the duty of the State courts to follow it, the question decided arising under the constitution of the United States. *Webber v. Virginia*, 103 U. S., 344; *Tiernan v. Rinker*, 102 U. S., 123; *Guy v. Baltimore*, 100 U. S., 434; *Woodruff v. Parham*, 8 Wal., 123; *Waring v. Mayor*, 8 Wal., 110; *Walling v. Michigan*, 116 U. S., 446; *Robbins v. Shelby Taxing District*, 120 U. S., 489; *Leisy v. Hardin*, 135 U. S., 100; *Lyng v. Michigan*, 135 U. S., 161; *Marsh v. State*, 37 Ark., 356; *State v. McGinnis*, 37 Ark., 362.

But the unconstitutional parts of this act may be stricken

1. Wine act of 1889 — Discrimination against wines of other States.

out, and the remainder of the act left to stand.    It was manifestly the intention of the legislature to prohibit, the sale of wine in quantities less than a quart, and to prohibit the sale of it in the districts formed under section 4524 of Mansfield's Digest, except that made from grapes or berries grown in the district, and to restrict the sale of it to the premises on which the grapes or berries from which it was made were grown or raised, and the wine made.    By striking out the words, "at any place," in the first section, and the words, "upon the premises where such grapes or berries are grown and the wine made," in the second section, we have a valid act, and the will of the legislature declared therein to some extent.    To this extent the act will remain in force.    *Marsh v. State*, 37 Ark., 356; *L. R. & F. S. Ry. v. Worthen*, 46 Ark., 312, 328; *Davis v. Gaines*, 48 Ark., 370, 383.

We notice that the style of laws required by the constitution, "the enacting clause," is omitted in the act as published, but find that it properly appears in the act as it passed the general assembly.

Judgment affirmed.