GALLOWAY *v.* STATE.

Opinion delivered March 23, 1895.

*Wine—Act regulating sale of, construed.*

Sand. & H. Dig., sec. 4852, provides that "it shall be unlawful for any person to sell wine in this State, except as authorized in this act." Section 4853, *Ib.*, provides that "any person who grows or raises grapes or berries may make wine thereof, and sell the same in quantities not less than one quart. * * *. *Provided*, this shall not authorize the sale of wine in any dis-

trict or locality where its sale is prohibited under special act of the general assembly." *Held—*

1. That all former acts specially regulating the sale of wine were repealed.
2. That when the legislature has by special act prohibited the sale of wine in any district or locality, the above provisions afford no protection to the seller under any circumstances.
3. That the act does not authorize the sale, without license, of wine made from wild berries not grown on the seller's premises.
4. That the act does not authorize the sale of wine made from peaches, though grown on the seller's premises.

Appeal from Lonoke Circuit Court.

JAMES S. THOMAS, Judge.

STATEMENT BY THE COURT.

The defendant was indicted, tried and convicted in the Lonoke circuit court, at its February term, 1894, for selling "alcoholic, ardent, vinous and fermented liquors and intoxicating spirits" without a license.

The case was tried by the court sitting as a jury on an agreed statement of facts, which is as follows, to-wit: "That Geo. W. Galloway [is] a citizen of Lonoke county, not residing within a district where the sale of wine is prohibited under a special act of the general assembly; that he hired wild berries picked, not grown on his own premises, and made wine from said berries, and sold the same in quantities not less than one quart; and, further, he sold peach wine, manufactured from peaches grown upon his own premises, in quantities not less than one quart, and said sales were made within one year before the finding of this indictment. This was all the evidence introduced in this case."

The indictment charged defendant with the crime of selling one pint of the liquors named, and the proof failed as to the matter of quantity, although that is not material in this particular case.

After verdict, defendant moved in arrest of judgment on the grounds: "(1.) The facts stated in the indictment do not constitute a public offense within the jurisdiction of this court. (2.) No judgment can be rendered against him on said indictment." This motion was overruled, and defendant filed his motion for new trial, alleging that the finding of the court was contrary to law and the evidence. This motion was also overruled, and the defendant, saving his exceptions to the rulings of the court on both motions, tendered his bill of exceptions, which was duly certified, and appealed to this court.

*Thos. C. Trimble* for appellant.

1. The indictment charges more than one offense, and is bad for duplicity. Sand & H. Dig. sec. 2077.

2. Having charged a sale to *J. A. Crabb*, it was necessary to prove a sale to him. 30 Ark. 131.

3. Galloway sold only wine of his own make, not within a prohibited district, and not in quantities less than a quart. This is not a violation of law. Acts March 8, 1879, sec. 15; 52 Ark. 420; 53 *id*. 490.

*E. B. Kinsworthy*, Attorney General, and *H. S. Sutton*, for appellee.

1. There is but one charge in the indictment.

2. The *certiorari* cures the error charged. The indictment does not allege a sale to any particular person.

3. Appellant was not charged with keeping a dram shop, as in 52 Ark. 420, nor for selling wine off of his premises, as in 53 Ark. 490, and these cases are not applicable.

4. Courts take judicial knowledge that wine is intoxicating. 59 Ark. 297.

5. The act of March 8, 1879, sec. 15, is repealed by Sand. & H. Dig. secs. 4852-3. The only exception in the act is as to those who *raise grapes and berries and make*

*wine thereof. Ib.* Appellant did not *raise* the berries, and *peaches* are not mentioned in the statute. So appellant could not sell, except in original packages containing not less than five gallons. *Ib.* sec. 4851.

BUNN, C. J. (after stating the facts.) The charge in the indictment constituted a public offense, and, unless extraneous matter constituting a good defense could be shown, the proof of the allegations in the indictment would justify the conviction. So the motion in arrest was properly overruled.

The case really turns upon the construction to be given to the act entitled "An act to regulate the sale of wine in the State of Arkansas," approved April 3, 1889, and digested in Sand. & H. Dig. as sections 4852, 4853, 4854 and 4855, the first two only being necessary to consider in this case.

The original act will be found in the published Acts of 1889, pages 95, 96. Certain words have been eliminated from the first and second sections of the act, to conform to the decision of this court in the case of *Deschamps* v. *State*, 53 Ark. 490, the eliminated words having a reference solely to the place of sale, and therefore not affecting the issues in this case.

The State contends that this act of 1889 repeals, or takes the place of, all other acts on the special subject of wine selling in this State, especially the 15th section of the special act approved March 8, 1879, and its contention seems to us to be well founded, notwithstanding the repealing act contains no repealing clause.

The first section of the act of 1889 (section 4852 of the Digest) is expressed in these words, after elimination as aforesaid, to-wit: "That it shall be unlawful for any person to sell wine in this State, except as authorized in this act." The third section excuses regularly licensed liquor dealers from the operation of this

act. The second section of the act, with the words stricken out as aforesaid, is section 4853 of Sand & H. Digest, and is the important one as designating the persons selling wines in quantities not less than one quart, who are protected in such selling without a license. It will be noticed that when the general assembly, by special act, has prohibited the sale of wine in any district or locality, the act affords no protection to the seller under any circumstances. Section 2 provides: "Any person who grows or raises grapes or berries may make wine thereof, and sell the same in quantities not less than one quart; such person (the person who grows or raises grapes or berries and makes wine therefrom) may also sell the wine of his own make in any place where the sale of intoxicating liquors is licensed and authorized by law, in quantities not less than one quart.

By the agreed statement of facts—the sole evidence in this case—the defendant does not appear to have grown or raised the berries from which the wine was made, the selling of which he is charged with in the indictment. He is therefore not entitled to the immunities of the act in making such sale.

Again, "peaches" are not named in the act as one of the fruits from which wine may be made, and the same sold by the grower and manufacturer, under the protection of the act. The defendant therefore cannot claim the benefits of the act, in respect to his sale of this character of wine. His defense, therefore, is unavailable, and the judgment against him is affirmed.