## BOLDT *v.* STATE.

Opinion delivered June 8, 1895.

*Sale of wine—Local option districts.*

The act of April 3, 1889, providing that any person who grows or raises grapes or berries may make wine thereof and sell the same in quantities not less than one quart (Sand. & H. Dig. sec. 4853), in so far as it permitted the sale of wine in local option districts, was impliedly repealed by the later act of April 6, 1889 (Sand. & H. Dig. sec. 4877), prohibiting the sale of vinous and other liquors in such districts.

Appeals from Franklin Circuit Court, Charleston District.

JEPHTHA H. EVANS, Judge.

*J. Virgil Bourland*, for appellant.

Sec. 4877, Sand. & H. Dig., does not render unlawful the sale of pure grape wine made of grapes grown by the person who sells it, within the three mile limit. Sand. & H. Dig., secs. 4852-3-4-5. This was the act of April 3, 1889, which was construed in 53 Ark. 490. See, also, 37 *id*. 361. Mansf. Dig., sec. 4524, contains a proviso excepting these native wines from the operation of the act. After this the legislature passed the "Wine Act" of April 3, 1889, which was construed in 53 Ark. 490, the effect of which was to allow the sale of native wine on the premises or off the premises in a local option district, or at any other place, except where prohibited by *special enactment*. The act of April 3 is not repealed by that of April 6. They were passed at the same session, and were intended to stand together. They are not repugnant. Endlich, Int. Stat. secs. 188, 203, 500; 3 Ark. 285; 32 *id*. 497; 11 *id*. 44, 481; 23 *id*. 304; 10 *id*. 589; 24 *id*. 479. They form a part of our system, and should be so treated, as they were in 53 Ark. 490, and by the Digester. Sand. &. H. Dig. secs. 4877-4879.

*E. B. Kinsworthy*, Attorney General, for appellee.

The wine act of April 3, 1889 (Sand. & H. Dig. sec. 4853), is amended by the act of April 6, 1889 (Sand & H. Dig. sec. 4877), and the proviso excepting native wine is not re-enacted. This is the last expression of the legislative will, and must govern, and this section does not permit the sale of native wine, as did the old law.

HUGHES, J. These cases are practically one, and are so abstracted and briefed. Appellants were separately indicted and convicted for selling vinous liquor in a local "option district." The evidence was that the

wine sold was the pure juice of the grape, grown by appellants and made and sold by them at their homes in three miles of Pleasant View School-house, while an order of the county court was in force prohibiting the sale, within that limit, of spirituous, fermented, vinous, malt and intoxicating liquors. The wine sold was a gallon—in a sealed jug—and was not adulterated, but pure grape juice. The court gave instructions to the jury, declaring that to show that it was such wine sold was no defense ; and defendants asked an instruction, which was refused, exactly the other way. All exceptions were saved.

Is it unlawful for one who grows grapes, and makes wine therefrom, to sell the same within a district where the three-mile local option law is in force? This is the only question presented to this court for its consideration in this case.

The law permitting the sale of native wine in this State without license is found in sec. 4853 of Sand. & H. Dig., and reads as follows : "Any person who grows or raises grapes or berries may make wine thereof, and sell the same in quantities not less than one quart; such person may also sell the wine of his own make in any place where the sale of intoxicating liquors is licensed and authorized by law, in quanties not less than one quart. *Provided*, this shall not authorize the sale of wine in any district or locality where its sale is prohibited under special act of the general assembly." This law was passed by the legislature of 1889, and approved April 3, 1889.

Prior to the legislature of 1889, when this act was passed, the "local option law" was as found in section 4524 of Mansfield's Digest, which reads as follows :

"Wherever the adult inhabitants, residing within three miles of any school-house, academy, college, university, or other institution of learning, or of any church-

house in this State, shall desire to prohibit the sale or giving away of any vinous, spirituous or intoxicating liquors of any kind, or alcohol, or any compound or preparation thereof, commonly called tonics or bitters, and a majority of such inhabitants shall petition the county court of the county wherein such institution of learning or church-house is situated, praying that the sale or giving away of the intoxicating liquors and alcohol enumerated in the premises be prohibited within three miles of any such institution of learning or church-house, said county court, upon being satisfied that a majority of such inhabitants have signed such petition, shall make an order in accordance with the prayer thereof, and thereafter, for a period of two years, it shall be unlawful for any person to vend or give away any spirituous, vinous or intoxicating liquors of any kind, or alcohol, or any preparation thereof, commonly called tonics or bitters, within the limits aforesaid. *Provided*, that nothing in this act shall be construed as affecting or repealing any special law now in force prohibiting the sale or giving away of spirituous or intoxicating liquors in any particular locality ; and, *provided, further*, that nothing herein contained shall prohibit the sale or giving away by manufacturers of wine made from grapes or berries, in quantities of one quart or more, or in sealed bottles.''

The wine act was approved April 3, 1889, and on the 6th day of April, 1889, immediately after the wine act was passed, the legislature amended the ''local option law'' as found in section 4524 of Mansfield's Digest, by leaving off this clause: ''and *provided, further*, that nothing herein contained shall prohibit the sale or giving away by manufacturers of wine made from grapes or berries, in quantities of one quart or more, or in sealed bottles.''

The ''local option law'' now in force in this State is found in section 4877 of Sand. & H. Dig., which reads as.

follows: "Whenever the adult inhabitants residing within three miles of any school-house, academy, college, university or other institution of learning, or of any church-house in this State, shall desire to prohibit the sale or giving away of any vinous, spirituous or intoxicating liquors of any kind, or alcohol, or any compound or preparation thereof, commonly called tonics or bitters, and a majority of such inhabitants shall petition the county court of the county wherein such institution of learning or church-house is situated, praying that the sale or giving away of the intoxicating liquors and alcohol enumerated in the premises be prohibited within three miles of any such institution of learning or church-house, said county court, upon being satisfied that a majority of such inhabitants have signed such petition, shall make an order in accordance with the prayer thereof, and thereafter, for a period of two years, it shall be unlawful for any person to vend or give away any spirituous, vinous, or intoxicating liquors of any kind, or alcohol, or any preparation thereof, commonly called tonics or bitters, within the limits aforesaid. *Provided*, nothing in this act shall be construed as affecting or repealing any special law in force prohibiting the sale or giving away of spirituous or intoxicating liquors in any particular locality."

We think it clear that the act of April 3, 1889, was repealed by the act of April 6, 1889, passed at the same session of the general assembly, so far as it relates to the sale of wine in local option districts, as they are clearly repugnant to each other in their provisions in regard to the sale of wine made from grapes or berries in local option districts. In the first local option act, the proviso is: "And *provided*, *further*, that nothing herein contained shall prohibit the sale or giving away by manufacturers of wine made from grapes or berries, in quantities of one quart or more, or in sealed bottles."

In the second act, covering the entire subject of the first down to the proviso, the proviso is: "*Provided*, nothing in this act shall be construed as affecting or repealing any special law in force prohibiting the sale or giving away of any spirituous or intoxicating liquors, in any particular locality," thus entirely eliminating and leaving out the proviso as to wine made from grapes or berries.

This is an amendment to the local option law, made after the passage of the act of the 3d of April, and it seems clear that it must have been the intention of the legislature in making this amendment to repeal the provision in this act of the 3d of April, 1889, so far as it allowed the sale of wine in a local option district.

In *State* v. *Deschamp*, 53 Ark. 490, it was said by Judge Battle that, by this act, "it was manifestly the intention of the legislature to prohibit the sale of wine in less quantities than one quart, and to prohibit the sale of it in local option districts, except that made from grapes and berries grown in the district." If the act of April 3, 1889, had not been repealed, as above shown, still this case is settled by the decision in *State* v. *Deschamp*, for the effect of that decision is that wine made of grapes and berries grown by the maker of the wine can be sold, in quantities not less than one quart, only where the sale of intoxicating liquors is licensed, and authorized by law.

The judgment is affirmed.