COMMONWEALTH *vs*. ANTONIO PETRANICH.

Suffolk.    March 16, 1903. — April 1, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, & HAMMOND, JJ.

*Intoxicating Liquors. Pleading, Criminal*, Indictment. *Constitutional Law. Words*, "Native wines."

An indictment under R. L. c. 100, § 1, charging that the defendant on a certain day did sell intoxicating liquors to a person named, the defendant "not having then and there any license, authority or appointment according to law to make such sale," is in proper form, and sufficiently alleges the illegality of the sale.

Wines made in the State of New York are not "native wines" within the meaning of R. L. c. 100, § 1.

The provision of R. L. c. 100, § 1, permitting the sale by the makers thereof of native wines and of certain cider manufactured in this Commonwealth on terms more favorable than are granted for sales of similar articles produced in other States, is unconstitutional and void, as in violation of art. 1, § 8, of the Constitution of the United States.

The unconstitutionality of the provision of R. L. c. 100, § 1, excepting native wines and certain cider manufactured in this Commonwealth from the regulations applying to sales of other intoxicating liquors, does not affect the validity of the other provisions of the statute.

INDICTMENT, found June .7, 1902, charging that Antonio Petranich on April 23, 1902, at Boston, " unlawfully did sell

intoxicating liquors to one Frank Dingee, the said Petranich not having then and there any license, authority or appointment according to law to make such sale."

At the trial in the Superior Court before *Harris,* J., it appeared, that the wine sold by the defendant was manufactured by the defendant and his partner at Fredonia, in the State of New York, from grapes raised by them there. A motion to quash the indictment was denied.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. H. Casey & W. H. Garland,* for the defendant.

*M. J. Sughrue,* First Assistant District Attorney, for the Commonwealth.

KNOWLTON, C. J. This is an indictment for a sale of intoxicating liquor without a license, in violation of the R. L. c. 100, § 1. One of the grounds of the defendant's motion to quash is that the indictment does not sufficiently negative the defendant's right to make the sale, inasmuch as it does not allege that the liquor was not native wine or cider manufactured in this Commonwealth. The indictment is in a form approved by many decisions of this court, and it sufficiently alleges the illegality of the sale. *Commonwealth* v. *Clapp,* 5 Gray, 97. *Commonwealth* v. *Fredericks,* 119 Mass. 199. *Commonwealth* v. *Burke,* 121 Mass. 39.

The ground of defence principally relied on, both under the other parts of the motion to quash and under the exceptions to the refusal of the judge to give the jury certain instructions requested, is that the statute is unconstitutional in that part which purports to permit the sale without a license, by the makers thereof, of native wine or cider manufactured in this Commonwealth, while it forbids the sale, without a license, of wine or cider manufactured in another State. It is agreed that the liquor sold in this case was wine made by the defendant and his partner in the State of New York. The defendant also contends that the words "native wines" mean wines made in any of the States of this country, and that therefore he is not within the prohibition of the statute.

The general provisions and manifest policy of the statute, as well as the language of the section referred to, make it pretty

plain that native wines mean wines made in Massachusetts. The statute is in effect here and not elsewhere. Native wines are native in reference to the place to which the statute relates. There is no good reason why less harm would come to the community from unregulated sales of wine manufactured in other parts of the United States than from such sales of wine made in Europe or elsewhere. According to the statute, the prohibition does not apply " to sales at wholesale, by the manufacturers thereof, of cider manufactured in this Commonwealth, or to sales in any quantity by farmers who raise apples sufficient to make the cider which they sell, if it is not drunk on their premises " ; nor, " to sales, by the makers thereof, of native wines or of cider manufactured in this Commonwealth, if the cider does not contain more than three per cent of alcohol . . . not to be drunk on their premises." These sales are only permitted to be made by farmers, or makers of the wine or cider. The provision seems to be intended for the benefit of manufacturers of wine or cider produced in this Commonwealth. We are of opinion that the wine sold by the defendant was not within the exception.

Under art. 1, § 8, of the Constitution of the United States, Congress has the power "to regulate commerce with foreign nations, and among the several States." This power is exclusive of any right of the States to pass laws in respect to commerce among the States. Any attempt of a State, in the exercise of the police power, to exclude from its territory an article of commerce produced in another State, is unconstitutional and void as against the action of Congress under the supreme authority of the Constitution of the United States, securing free commercial intercourse among the people of the several States. *Leisy* v. *Hardin*, 135 U. S. 100. (In reference to intoxicating liquors, see a later statute, 26 U. S. Sts. at Large, 313. Also *In re Rahrer*, 140 U. S. 545.) As applied to statutes which seek to discriminate in favor of products of the legislating State against like products of other States, this principle has been established and enforced in many cases. *Tiernan* v. *Rinker*, 102 U. S. 123. *Welton* v. *State*, 91 U. S. 275. *Guy* v. *Baltimore*, 100 U. S. 434. *Walling* v. *Michigan*, 116 U. S. 446. *Webber* v. *Virginia*, 103 U. S. 344. *Railroad Co.* v. *Husen*, 95 U. S. 465. Such statutes are held to interfere with the legislative control of commerce by

the Congress, and to be in violation of the section of the Constitution from which we have quoted. The principles stated in the cases above cited are applicable to the question now before us. A statute which discriminates in favor of the products of our own State by permitting the sale of them on terms more favorable than are granted for sales of similar articles produced in other States, is plainly unconstitutional under the decisions of the Supreme Court of the United States, which, upon a point of this kind, are controlling. That part of the R. L. c. 100, § 1, which purports to make an exception in favor of sales of native wine and cider manufactured in this Commonwealth, is void.

It remains to consider what effect, if any, the invalidity of this provision has upon other parts of the statute. It is an established principle that where a statutory provision is unconstitutional, if it is in its nature separable from the other parts of the statute, so that they may well stand independently of it, and if there is no such connection between the valid and the invalid parts that the Legislature would not be expected to enact the valid part without the other, the statute will be held good, except in that part which is in conflict with the Constitution. *Fisher* v. *McGirr*, 1 Gray, 1. *Commonwealth* v. *Kimball*, 24 Pick. 359, 361. *Warren* v. *Mayor & Aldermen of Charlestown*, 2 Gray, 84, 99. *Commonwealth* v. *Clapp*, 5 Gray, 97, 100. *Commonwealth* v. *Hitchings*, 5 Gray, 482. *Commonwealth* v. *Gagne*, 153 Mass. 205. *State* v. *Amery*, 12 R. I. 64. But if the objectionable part is so connected with the rest that they are dependent on each other and cannot well be separated, or that the valid part, if left alone, would so change the character of the original statute that the Legislature would not be presumed to have enacted it without the other, the whole must be set aside. *Warren* v. *Mayor & Aldermen of Charlestown* and *Commonwealth* v. *Hitchings, ubi supra.*

We are of opinion that this exception is not such a substantive part of the law that its unconstitutionality defeats the whole statute. It is a special provision for the benefit of a certain class of domestic manufacturers. Its relation to the general features of the statute is such that its validity or invalidity is of little consequence except to the members of this class.

An almost identical provision was held unconstitutional by

the Supreme Court of Alabama, and it was decided that the rest of the statute remained in full force. *Powell* v. *State*, 69 Ala. 10. *McCreary* v. *State*, 73 Ala. 480. Similar decisions were made in regard to a similar statute in Arkansas. *State* v. *Marsh*, 37 Ark. 356. *State* v. *Deschamp*, 53 Ark. 490. The Supreme Court of North Carolina adopts the same principle, but seems to apply it differently. *State* v. *Nash*, 97 N. C. 514. In *Weil* v. *Calhoun*, 25 Fed. Rep. 865, there is an intimation, although not an express decision, to the same effect, in regard to a statute regulating the sale of intoxicating liquor in Georgia.

The result is that the unconstitutionality of the provision in regard to sales of wine and cider by domestic manufacturers leaves the remainder of the statute in full force, and as the defendant, under the agreed facts, is shown to have violated it, he is subject to its penalties.

*Exceptions overruled.*