*Ex parte* DEEDS.

Opinion delivered May 27, 1905.

1. HABEAS CORPUS—ILLEGAL DETENTION.—One unlawfully held under custody under a void staute may be discharged under the writ of habeas corpus. (Page 545.)

2. CONSTITUTIONAL LAW—EQUAL PROTECTION—PEDDLING ACT.—Kirby's Digest, § 6886, which denounces a penalty against "any person, either as owner, manufacturer or agent," who, without having a license, "shall travel over or through any county and peddle or sell any lightning rod, steel stove range, clock, pump, buggy, carriage and vehicles, or either of said articles," but provides that the act "shall not apply to any resident merchant in said county," is in conflict with that clause of the Fourteenth Amendment to the Federal Constitution, which prohibits a State from denying "to any person within its jurisdiction the equal protection of the laws;" and also with section 18, of article II., of the State Constitution, which provides that "the General Assembly shall not grant to any citizen or class of citizens privileges or immunities which upon the same terms shall not equally belonged to citizens." (Page 545.)

3. SAME—WHEN PROVISIONS INSEPARABLE.—The unconstitutional provision in Kirby's Digest, § 6886, in favor of resident merchants, cannot be stricken out so as to leave the remainder of the act unimpaired, as to do so would leave the statute applicable to a "resident merchant of said county," contrary to the expressed intention of the Legislature. (Page 545.)

4. SAME—COURTS CANNOT AMEND STATUTE.—In Kirby's Digest, § 6886. providing that any person who shall travel over or through any county and peddle or sell certain articles mentioned without license shall be fined, the unconstitutionality of the exception in favor of "any resident merchant in said county" cannot be cured by eliminating the words "resident" and "in said county," and by adding after the word "merchant" the words "who sells in the usual course of trade at his place of business," as the courts cannot depart from the plain language of a statute in order to subserve convenience or to maintain its constitutionality. (Page 546.)

Certiorari to Pope Chancery Court.

JEREMIAH G. WALLACE, Chancellor.

Petitioner discharged from custody.

*R. C. Bullock & J. T. Bullock*, for petitioner.

The discrimination in favor of resident merchants renders the act unconstitutional. 148 Pa. St. 482; 91 U. S. 275; 12 Otto, 123; 10 Otto, 434, 676. The act is class legislation. Black, Const. & Int. Stat, 278; 27 N. J. L. 80; 7 Heisk. 518; 1 Blackstone, Com. 89; 1 Kent, 463; 128 U. S. 174; 17 Wall. 177. When objectionable features may be stricken out of an act. 30 S. C. 360; 68 Am. St. 155; Cooley, Con. Lim. 215; 73 S. W. 629; 2 Bouv. Dict. 1106. The chancellor's holding as to what is the meaning of the word "merchant" was improper. Kirby's Dig. § 6916; 65 Ark. 532. Courts are not to supervise legislation, and keep it in the bounds of common sense. Suth. Stat. Con. § 238; 35 Ark. 59.

*Robert L. Rogers, Attorney General, Brooks & Hays,* for appellee.

The act does not conflict with the Constitution. Const. art. 16, § 5; 46 Ark. 477. The proviso contained in the act is not class legislation. Black, Inter. L. 61. The act should be

construed so as to give it effect, if possible. 28 Ark. 200; 22 Ark. 369; 32 L. R. A. 628; 59 Ark. 613; 48 S. W. 407; Black, Inter. L. 93; 3 Peters, 438; 56 Ark. 495; 58 Ark. 438; 15 Pet. 141. Admitting that the proviso is unconstitutional, the same can be stricken out, and the remainder of the act upheld. 48 Ark. 407; 5 Ark. 412; 5 Ark. 417; 46 Ark. 312; 55 Ark. 200; 37 Ark. 356; 53 Ark. 490.

McCULLOCH, J. The petitioner, W. A. Deeds, asks discharge from custody of the sheriff of Pope County, who holds him under arrest upon a warrant issued by a justice of the peace charging him with violation of the act of the General Assembly approved April 29, 1901, (Kirby's Dig. § 6886), which is as follows:

"Section 6886. Before any person, either as owner, manufacturer or agent, shall travel over or through any county, and peddle or sell any lightning rod, steel stove range, clock, pump, buggy, carriage and vehicles, or either of said articles, he shall procure a license, as hereinafter provided, from the county clerk of such county, authorizing such person to conduct such business; *provided,* nothing in this act shall apply to any resident merchant in said county. Any person, before engaging in the sale of such articles as mentioned above, shall pay into the county treasury of such county the sum of $200, taking the receipt of the treasurer therefor, which receipt shall state for what purpose the money was paid. The county clerk of such county, upon the presentation of such receipt, shall take up the same and issue to such person a certificate or license authorizing such person to travel over such county and sell such article or articles for a period of one year from the first day of January preceding the date of such license. Any person who shall travel over such county and sell or offer to sell any of the above enumerated articles without first procuring the license herein provided for shall be deemed guilty of a misdemeanor, and upon conviction shall be fined in any sum not less than $200 nor more than $500."

The petition for habeas corpus was presented to and heard by the chancellor of the ninth district, who denied the prayer thereof and remanded the petitioner to the custody of the sheriff, and the record is brought here by writ of certiorari for review.

The validity of the statute is questioned on account of the proviso exempting from its operation "any resident merchant in said county."

If the statute is void, then the petitioner is unlawfully in custody, and should have been discharged under the writ of habeas corpus. Ex parte *Jackson,* 45 Ark. 158; *Arkansas Industrial Co.* v. *Neel,* 48 Ark. 283.

Reading the act literally, it pronounces a penalty against "any person, either as owner, manufacturer or agent," who, without having first procured a license, "shall travel over or through any county and peddle or sell any lightning rod, steel stove range, clock, pump, buggy, carriage and vehicles, or either of said articles," but provides that the same "shall not apply to any resident merchant in said county." In other words, it permits "any resident merchant in said county," but no other person, to "travel over or through any county and peddle or sell" the articles named without license so to do.

It therefore falls clearly within that clause of the Fourteenth Amendment to the Federal Constitution, which prohibits a State from denying to "any person within its jurisdiction the equal protection of the laws," and is also in conflict with section 18 of article 2 of the Constitution of the State, which provides that "the General Assembly shall not grant to any citizen or class of citizens privileges or immunities which upon the same terms shall not equally belong to all citizens." *State* v. *McGinnis,* 37 Ark. 362; *State* v. *Marsh,* 37 Ark. 356; *State* v. *Deschamp,* 53 Ark. 490; *Galloway* v. *State,* 60 Ark. 362; *Boldt* v. *State,* 60 Ark. 600; *Sayreborough* v. *Phillips,* 148 Pa. St. 482; *Welton* v. *State,* 91 U. S. 275; *Tiernan* v. *Rinker,* 102 U. S. 123; *Robbins* v. *Shelby Taxing District,* 120 U. S. 489; *Connelly* v. *Union Sewer Pipe Company,* 184 U. S. 540.

It is urged, however, on behalf of the State, that the proviso may be stricken out, thus removing the conflict, and leave the remainder of the act unimpaired, under the established rule that statutes constitutional in part only, if separable and not dependent upon each other, will be held valid *pro tanto. State* v. *Marsh, supra; State* v. *Deschamp, supra; Leep* v. *Railway Co.,* 58 Ark. 407; *Woods* v. *Carl, ante* p. 328.

But to strike out this proviso would leave the statute applicable to a "resident merchant of said county," a thing which the Legislature plainly did not intend to do.

In *Connelly* v. *Union Sewer Pipe Co.,* 184 U. S. 540, the Supreme Court of the United States had under consideration a statute of the State of Illinois directed against trusts organized and operated in violation of law, but excepted from its provisions trusts and combinations the subject of which was "agricultural products or live stock while in the hands of the producer or raiser," and it was held that the exception rendered the entire act void. It was urged that the exception could be eliminated and the remainder of the act left in force, but the court held that to do so "classes would in that way be reached and fined when, evidently, the Legislature intended that they should not be regarded as offending against the law, even if they did combine their capital, skill, or acts in respect to their products or stock in hand."

The court said: "Looking then at all the sections together, we must hold that the Legislature would not have entered upon or continued the policy indicated by the statute unless agriculturists and live stock dealers were excluded from its operations, and thereby protected from prosecution. The result is that the statute must be regarded as an entirety, and in that view it must be adjudged to be unconstitutional, as denying the equal protection of the law to those within its jurisdiction who are not embraced by the ninth section."

It is further contended by counsel for the State, and was held by the learned chancellor in denying the relief prayed for by the petitioner, that the objctionable feature of the proviso may be eliminated and the act preserved by striking out the word "resident," and the words "in said county," and by adding after the word "merchant" the words "who sells in the usual course of trade at his place of business," so as to exempt only "a merchant who sells in the usual course of trade at his place of business." Such a method of subtraction and addition would be entirely arbitrary and without warrant, and, in the face of the plain language employed in the statute, would be an encroachment upon the province of the legislative department. We cannot depart from the plain language of a statute in order to subserve convenience or to maintain its constitutionality. The rules of

interpretation neither demand nor permit that. *Railway Co.* v. *B'Shears,* 59 Ark. 237.

Besides, to thus supplement the language used by the Legislature would render the proviso meaningless, and reduce it to an absurdity, because the body of the act only applies to persons who "travel over or through any county and peddle or sell" the articles mentioned, and has no application to merchants who sell in the usual course of trade at their places of business.

The words "residents" and "in said county" might, under the rule laid down in *State* v. *Marsh, supra,* and other decisions of this court, be stricken out, so as to exempt all merchants, whether residents of the county or not, but that would not aid the contention of counsel for the State, as it would still leave the vicious discriminating feature of the act exempting merchants as a class and permitting them to "travel over or through the county and peddle or sell" the articles mentioned, whilst prohibiting the less favored classes of individuals from doing the same thing.

The Supreme Court of the United States in *Connelly* v. *Union Sewer Pipe Co., supra,* said: "In prescribing regulations for the conduct of trade, it cannot divide those engaged in trade into classes and make criminals of one class if they do certain forbidden things, while allowing another and favored class engaged in the same domestic trade to do the same things with impunity. It is one thing to exert the power of taxation so as to meet the expenses of government, and at the same time, indirectly, to build up or protect particular interests or industries. It is quite a different thing for the State, under its general police power, to enter the domain of trade or commerce, and discriminate against some by declaring that particular classes within its jurisdiction shall be exempt from the operation of a general statute making it criminal to do certain things connected with domestic trade or commerce. Such a statute is not a legitimate exertion of the power of classification, rests upon no reasonable basis, is purely arbitrary, and plainly denies the equal protection of the laws to those against whom it discriminates."

Our conclusion is that the statute in question cannot be upheld, and that the petitioner was arrested upon a warrant not

charging a public offense, and should be discharged. There is another statute requiring a license for hawking and peddling, and prescribing a penalty for violations thereof (Kirby's Dig. § § 6875, 6882), which we do not consider, as the petitioner is not·charged with violation of those sections of the statute.

The sheriff of Pope County, against whom the writ of habeas corpus was asked, is represented here by the Attorney General and other counsel, and will take cognizance of the order made here, which is that the petitioner be discharged from custody with judgment for cost of this proceedings.