WALLACE v. CUBANOLA.

Opinion delivered May 3, 1902.

1. LIQUORS—LICENSE—INCORPORATED TOWN.—A license to sell intoxicating liquors may be granted by an incorporated town which is not a separate election precinct, but is in a precinct composed of the entire township, if a majority of the electors in the county and township vote in favor of license. *Doss* v. *Moore*, 69 Ark. 258, followed. (Page 400.)

2. SAME—AMOUNT OF LICENSE.—A town council, having the power to license, regulate, tax or suppress tippling houses or dramshops, may charge a license fee of $500 for the privilege of keeping a dramshop within its limits. (Page 400.)

3. MUNICIPAL ORDINANCE—EFFECT OF PARTIAL INVALIDITY.—A provision in a town ordinance regulating the license of dramshops that such license may be transferred is void, but may be stricken out without impairing the remainder of the ordinance. (Page 401.)

4. MUNICIPAL ORDINANCE—CONTINUOUS OFFENSE.—Sand. & H. Dig., § 5150, providing that "if a thing prohibited or rendered unlawful is, in its nature, continuous in respect of time, the fine or penalty for allowing the continuance thereof, in violation of the laws or ordinance, shall not exceed $15 for each day that the same may be unlawfully continued," does not limit the price which a city or town council may fix for a license to keep a tippling house or dramshop within its limits. (Page 401.)

Appeal from Polk Circuit Court.

WILL P. FEAZEL, Judge.

Affirmed.

STATEMENT BY THE COURT.

The appellant was indicted and convicted of violating ordinance No. 5 of the incorporated town of Cubanola, and fined $25, and appealed to this court. The appellant was arrested on the 7th of June, 1901, and tried on the 10th of June, 1901, before the mayor of said town, upon a warrant charging that he had committed the offense of selling ardent, malt, and fermented liquors, in quantities less than one quart, without first paying the amount due the town of Cubanola. He appealed to the circuit court of Polk county, and was fined $25 and costs, from which judgment this appeal was taken.

He was tried upon the following agreed statement of facts, which was the only evidence in the cause:

"It is agreed between the town of Cubanola and the defendant, W. H. Wallace, that the town of Cubanola was incorporated on the 7th day of February, 1899, and that on the 11th day of May, 1899, the said town passed an ordinance, and on the 12th day of same May, 1899, published the said ordinance by posting three notices thereof in three public places in said town, for the purpose of licensing the sale of liquor in said town at $500 per annum for each dramshop and drinking saloon in said town. A copy of said ordinance is hereto attached, marked Exhibit A, and made a part of this agreed statement of facts. It is further agreed that the town of Cubanola did not hold an election on the liquor ques-

tion in the said town of Cubanola, either for or against license, at the general election held on the 6th day of September, 1900, but that the electors of said town of Cubanola voted at the same place together with electors of White township in Polk county, Arkansas, the said town being in the said White township. It is further agreed that the defendant had taken out a license from the county court of Polk county on the — day of March, 1901, to sell liquor at said town for the year 1901, but that he refused to pay the town license under the said ordinance herewith, and made the sale as charged, and that subsequently thereto he paid the said license under protest.

Exhibit A, Ordinance No. 5.

"Be it ordained by the town council of the incorporated town of Cubanola, Arkansas:

"Sec. 1.   It shall be unlawful for any person to keep a saloon, dramshop, or tippling house, or to sell, barter, or in any manner dispose of,.or to transfer, any ardent, spirituous, vinous, malt or fermented liquors or beverages within the limits of the town of Cubanola, unless said person shall have paid into the treasury of the town the amount hereinafter specified as a license for retailing such liquor or beverage, and shall have complied with all the requirements hereinafter contained.

"Sec. 2.   Any person wishing to engage in the business specified in section 1 of this ordinance shall first present a petition to the council of said town setting forth the kind of business contemplated, the location thereof, and praying that a license be granted him therefor, and the applicant shall accompany such application with a bond in the sum of one thousand dollars ($1,000), with good and sufficient sureties to be approved by the council, conditioned that the applicant will keep an orderly house and refrain from violating any ordinance or ordinances of the town now in force or which may hereafter be enacted for the regulation of the liquor traffic in said town.

"Sec. 3.   The license for engaging in the business specified in section 1 of this ordinance shall be the sum of two hundred and fifty dollars ($250) per annum, but no license shall continue in force longer than the 31st day of December succeeding the issuance of the same; nor shall license be issued for any part of a year for less than $100.   Before issuing the license the applicant therefor

shall pay $25 and such additional amounts as to leave only $20 for each successive month in the year, which $20 shall be paid on the first Monday of each succeeding month, and a failure to pay any installment shall forfeit the license of the person so failing to pay.

"Sec. 4. Such license shall be signed by the mayor and countersigned by the recorder of the town, and may be transferred from one person to another in the discretion of the council, upon the written application to the council by the person to whom the same is to be transferred, accompanied by the petition and bond required by section 2 of this ordinance.

"Sec. 5. The right is hereby reserved by the council, and such reserved right shall be cited in all licenses granted under this ordinance, to ordain such laws for the regulation of the liquor traffic, and to provide such penalties and forfeitures for the violation of the same, as are within the police power delegated to such corporation.

"Sec. 6. The punishment of any violation of this ordinance shall be for the first offense a fine of twenty-five dollars ($25), and for each subsequent offense fifty dollars ($50), and the revoking of such license.

"Sec. 7. This ordinance shall take effect and be in force from and after its passage and publication."

Ordinance No. 10, Amending Ordinance No. 5.

"Be it ordained by the town council of the incorporated town of Cubanola, Arkansas:

"Sec. 1. That section 3 of ordinance No. 5 be and the same is hereby amended to read as follows: The license for engaging in the business specified in section 1 of this ordinance shall be the sum of five hundred dollars ($500) per annum; but no license shall continue in force longer than the 31st day of December succeeding the issuance of the same; nor shall a license be granted for any part of a year for less than one hundred dollars ($100). Before issuing the license the applicant therefor shall pay one hundred dollars ($100), the balance to be paid on the first Monday of each and every succeeding month, and a failure to pay any installment shall forfeit the license of the person so failing to pay.

"Sec. 2. That all ordinances or parts of ordinances in conflict herewith are hereby repealed.

"Sec. 3. This ordinance shall take effect and be in force from and after January 1, 1901."

Upon the above facts the court sitting as a jury proceeded to try said cause. The appellant, W. H. Wallace, asked the court upon. the facts to make the following declarations as to the law in this case, which the court refused, and to which refusal appellant at the time excepted, and asked that his exceptions be noted of record, which was accordingly done:

"1. Ordinance No. 5, as amended by ordinance No. 10 of the said town of Cubanola, which the defendant, W. H. Wallace, is charged with having violated in this case; is void and not binding on the defendant, for the reason that, under section 5132 of Sandels & Hill's Digest of the statutes of the state, town councils of incorporated towns in this state can only grant dramshop or drinking saloon license when at the previous election a majority of the votes cast in said town were cast for a license. The ordinance, to be in keeping with the statute, must also provide that the town council of the incorporated town of Cubanola shall not grant a license to any tippling house, dramshop or saloon, or permit such house, shops or saloons to carry on such business in said town, unless at the previous election a majority of the votes cast in said town were for license, and this ordinance does not provide that, and is therefore void.

"2. The defendant asks the court to declare the ordinance No. 5, as amended by ordinance No. 10, void because he says the whole proof in the case shows that the said ordinance and the amendment thereto were passed for the sole purpose of raising revenue for said town, and not for the purpose of regulating or suppressing the liquor traffic in said town.

"3. The defendant asks the court to declare the said ordinance void because the fourth section of said ordinance permits and authorizes the licensee to transfer his license to any third party, which is absolutely prohibited by the statute and common law of the state.

"4. The defendant asks the court to declare the third section of said ordinance void, because the same prescribes a penalty in excess of the statute.

"5. The defendant asks the court to declare the entire ordinance void, because the ordinance fails to provide that said town shall issue a license to persons only who are 21 years of age and of a good moral character."

The appellant, at the trial in the circuit court, demurred to the evidence on the part of the town of Cubanola as agreed to, and especially to ordinance No. 5 as amended, and the court overruled his demurrer and declarations of law, but declared the law to be with the town, and found the defendant guilty as charged, and assessed his fine at $25 and costs, to which ruling of the court appellant at the time excepted, and his exceptions were properly entered of record, and he appealed to this court.

*Alley & Downs,* for appellant.

Town councils can pass only such ordinances as are consistent with the laws of the state. Sand. & H. Dig., § 5146; 53 Ark. 368; 27 Ark. 467. Municipal corporations have no authority to deal with the liquor question, except in the manner prescribed by law. Sand. & H. Dig., § 5132; Acts 1897, p. 59. No license could be granted for the sale of liquor. 41 Ark. 456. Municipal corporations have no power to levy taxes. 30 Ark. 435; 19 Wall. 660. The ordinance was void. Sand. & H. Dig., § 4869; 35 Ark. 638.

*McPhetridge & Prickett,* for appellee.

The vocation of appellant is not a right, but a privilege. Sand. & H. Dig., § 5132; 41 Ark. 464. The void clause being stricken out of the ordinance, the remainder is valid. 37 Ark. 361; 53 Ark. 490. The penalty in the ordinance was not excessive. Sand. & H. Dig., §§ 5150-51; 41 Ark. 464. The question of granting a license is one for the county court. Sand. & H. Dig., § 4856; 43 Ark. 42.

HUGHES, J., (after stating the facts.) So far as the objection of the appellant is concerned that no separate election was held on the liquor question in the town before the ordinance took effect, the case of *Doss* v. *Moore,* 69 Ark., 262, is in point, and settles this question against the appellant. In that case it is said that, "if the town is not a separate election precinct, and a majority of the electors of the county and township in which the town is situated vote in favor of license, then license to keep a saloon in the town may be granted, it being in such case only a part of the township."

The objection that the ordinance was passed for the purpose of raising revenue only is not tenable. It is an assumption. The town council had the power to regulate the sale of liquor within its corporate limits. The town council had the power to license, regulate, tax or suppress tippling houses or dramshops. Section 5132, Sandels & Hill's Digest (Acts 1874-5, page 8).

The third section of the ordinance, providing that the license may be transferred, is void, being contrary to the statute. But this does not make the whole ordinance void. It may be stricken out, and there will still remain a complete and perfect ordinance, to effect the object of its passage. That the licenst might be transferred was not of the essence of the thing to be accomplished. *State v. Marsh,* 37 Ark. 356; *Davis v. Gaines,* 48 Ark. 370; *State v. Deschamp,* 53 Ark. 490; *L. R. & Ft. S. R. Co. v. Worthen,* 46 Ark. 312.

As to appellant's fourth objection, that the ordinance imposes a penalty greater than $15 a day for each day appellant sells without license, see sections 5150 and 5151, Sandels & Hill's Digest, and *Siloam Springs v. Thompson,* 41 Ark. 456, where it is said: "The act (of 1874-5) does not limit the price which a city council may fix for a license to keep a tippling house or dramshop within the limits of said city, or prescribe any particular time in which ordinances on that subject may be passed," etc.

The town had voted with the electors of White precinct, in which it was situated, for license, and there was no vote against license, and no election on that question in the town, but it nevertheless possessed the power to license and regulate the sale of it within its limits. It was a municipal government having the power to provide for its own welfare, and there was no limitation other than that it might not grant license to keep a tippling house or dramshop when there had been a majority vote against it. The declarations of law asked by the appellant were properly refused.

The judgment is affirmed.