GUNTHER *v.* CITY OF HOT SPRINGS.

Opinion delivered October 18, 1915.

LIQUOR LICENSE—WHOLESALE AND RETAIL.—A city may require a dealer engaged in selling liquors wholesale and retail from the same store room, who had paid license as a retail liquor dealer, both city and county, to pay license also as a wholesale dealer.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; affirmed.

STATEMENT BY THE COURT.

Appellant was convicted for violating an ordinance of the City of Hot Springs, requiring wholesale dealers in malt liquors to pay a license of $300, and appealed to

the circuit court where he was again convicted, from which judgment this appeal is prosecuted.

The case was tried upon an agreed statement of facts and the ordinance fixing the license. By the terms of the ordinance, each wholesale dealer in malt liquors was required to pay the sum of $300 per year.

The appellant procured from the county court a license authorizing him to conduct a dram shop at 721 Central Avenue, in the City of Hot Springs, Arkansas, for the year 1914. He also procured from the city a license to conduct a dram shop at the same place.

The building in which he was authorized to retail liquors under said license, consists of one store room fronting on Central Avenue in said city and running through to Valley Street, and was used both as a saloon or dram shop and as a store room for malt liquors, which he sold in wholesale quantities to other retail liquor dealers in the city, in barrels of not less than five gallons and cases of not less than three dozen bottles. He did not for said year procure a license as a wholesale dealer in malt liquors, either from the county or the city, but sold said liquors wholesale from his store room in which he conducted a retail liquor business, for which he had taken out license.

*C. Floyd Huff,* for appellant.

1. The ordinance specificallly provides that the license for the sale of malt liquors in wholesale quantities is imposed for the purpose of regulating the business. The ordinance is void because, since these liquors are merely stored in the rooms where the retail business is conducted, and the regulation is fully accomplished by the license tax imposed upon the retail business, no necessity exists for regulating the wholesale business.

2. Appellant having complied with the law and procured a license from the State, county and city authorizing him to run a saloon and retail liquors at his store room for the year 1914, can not be required to pay the additional tax provided in the ordinance to wholesale

malt liquors during the same year.  Kirby's Dig. §§ 5707, 5709, 5710, 5711.

KIRBY, J. (after stating the facts).  The sole question for determination on this appeal is whether a city can require of a dealer engaged in selling liquors wholesale and retail from the same storeroom, who had paid license as a retail liquor dealer, both city and county, to pay license as a wholesale dealer in malt liquors.

Municipal corporations are given authority under section 5438, Kirby's Digest, Act of May 23, 1901, "to license, regulate, tax or suppress  *  *  *  " not only "tippling houses, dram shops," but also "any dealer in wines and liquors, by the quantity or otherwise, than as keeper of tippling houses and dram shops."

After it was decided in *Tuck* v. *Town of Waldron,* 31 Ark. 464, that the Act of 1875 did not authorize cities and towns to require persons engaged in the sale of wines and liquors by the quantity or otherwise, than as keepers of tippling houses or dram shops to pay license, the law was amended, granting them such power.

Even if it is true, as contended by appellant, that one who engages in business as a retail liquor dealer, after having paid the licenses required therefor, may engage at the same place in the sale of malt liquors wholesale without the payment of the State and county tax or license as a wholesale liquor dealer, it does not follow that he can so engage without the payment of the license required by the city as such wholesale dealer.

The statute of March 31, 1887, sections 5109-5111 Kirby's Digest, providing for the levy and collection of a State and county tax on wholesale dealers in malt liquors, expressly excepts from its provisions those who have procured retail license as provided by law.  The City of Hot Springs could doubtless have made such an exception, but it has not done so, and having the power to require the payment of both licenses, the appellant was rightly convicted for selling malt liquors wholesale in violation of the ordinance, notwithstanding they were

sold in the.same room in which his retail business, which was duly licensed, was conducted.

Neither is there any merit in appellant's contention that the ordinance is void because the license fee required is unreasonable, since no price is fixed in the statute authorizing the granting of licenses to wholesale and retail liquor dealers by municipalities. *Wallace* v. *Cubanola*, 70 Ark. 395; *Siloam Springs* v. *Thompson*, 41 Ark. 464.

The judgment is affirmed.