### ARGUED AND DETERMINED

##### IN THE

# SUPREME JUDICIAL COURT

##### OF

# MASSACHUSETTS.

---

## COMMONWEALTH *vs.* URIAH W. BOYDEN.

Norfolk.   November 17, 1902. — February 26, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Intoxicating Liquors. Cider. Words,* "Makers."

The word "makers" in St. 1894, c. 489, § 1, R. L. c. 100, § 1, includes both farmers and manufacturers, and neither can sell cider without a license if it contains more than three per cent of alcohol, measured in the manner provided by the statute.

MORTON, J.   This is a complaint for maintaining a liquor nuisance in Foxborough between April 1, 1901, and April 3, 1902.   There was a verdict of guilty, and the case is here on exceptions by the defendant to the refusal of the judge to rule as requested and to the rulings that were given.   There is also an exception to the admission of evidence.

The defendant is a farmer, and the sales complained of were of cider made from apples raised by him.   There was evidence that the cider contained between seven and eight per cent of alcohol, and the sole question is whether the defendant could lawfully sell it not to be drunk on the premises.   The judge instructed the jury that if the cider contained more than three

per cent of alcohol the sale was unlawful. We think that the ruling was right. The statute provides that "nothing herein contained shall apply . . . to sales at wholesale, by the manufacturers thereof, of cider manufactured in this Commonwealth, or by farmers in any quantity who raise apples sufficient to make the cider which they sell, if the same be not drunk on their premises; nor shall any thing herein contained apply to sales, by the makers thereof, of native wines, or of cider manufactured in this Commonwealth, if the cider contain not more than three per cent of alcohol by weight at sixty degrees Fahrenheit, not to be drunk on their premises." St. 1894, c. 489, § 1. R. L. c. 100, § 1. The meaning of the statute, though not so clear as it might be, is we think plain, and is that manufacturers may sell at wholesale, whether they raise the apples or not, and that farmers, who raise apples sufficient to make the cider which they sell, may sell in any quantity, provided it be not drunk on the premises, but that neither manufacturers nor farmers can sell without a license if the cider contains more than three per cent of alcohol measured in the manner provided in the statute. The word "makers" includes both farmers and manufacturers, and cannot be limited, as the defendant contends, to those who buy the apples from which they make cider, or to those who buy cider manufactured in this Commonwealth.

The evidence objected to was rightly admitted.*

*Exceptions overruled.*

*J. Everett,* for the defendant.

*Asa P. French,* District Attorney, for the Commonwealth, submitted a brief.

---

* The evidence referred to was the testimony of a chemist that he had analyzed some of the cider made and sold by the defendant, and that it contained between seven and eight per cent of alcohol.